**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROBERT E. LEVY, D.M.D., LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Case No.: 4:20-cv-00643-SRC |
| | ) |
| HARTFORD FINANCIAL SERVICES | ) |
| GROUP INC., et al., | ) |
| | ) |
| Defendants, | ) |

**Memorandum and Order**

This matter comes before the Court on [21] Defendant Hartford Financial Services Group, Inc.'s ("Hartford Financial") Motion to Dismiss Plaintiffs' Complaint. The Court grants the motion.

**I.   Background**

Plaintiffs allege that they purchased insurance from Hartford Financial, doing business as "The Hartford," to protect their dental practices against losses from catastrophic events. During the onset of the COVID-19 pandemic, Plaintiffs shut down their practices either entirely, or only saw a few emergency patients. Plaintiffs each made a claim under their insurance policy for the losses caused by the COVID-19 pandemic. Hartford Financial and the other Defendants allegedly denied each claim, asserting that the policies did not cover losses caused by the COVID-19 pandemic and therefore they had no obligation to provide any coverage. Plaintiffs allege that their insurance covers the losses stemming from the shutdowns.

Plaintiffs filed suit in this Court asserting six claims: 1) business income breach of contract; 2) breach of the implied covenant of good faith and fair dealing applicable to business income; 3)

declaratory relief applicable to business income; 4) extra expense breach of contract; 5) breach of the implied covenant of good faith and fair dealing applicable to extra expense; 6) declaratory relief applicable to extra expense. Plaintiffs also seek to represent four classes of plaintiffs allegedly possessing similar policies and suffering similar losses from the COVID-19 pandemic.

Defendant Hartford Financial now moves to dismiss all claims against it. In support, Hartford Financial argues Plaintiffs lack Article III standing to bring a claim against it, the Court lacks personal jurisdiction over it, and that Plaintiffs fail to state a claim.

## II. Standard

### A. 12(b)(1) motion to dismiss

Under Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss an action when a movant successfully challenges subject matter jurisdiction on the face of the complaint or on the facts. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Because a Rule 12(b)(1) motion addresses "the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). "In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn*, 918 F.2d at 729 n.6).

A distinction, "often overlooked, [exists] between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Walls v. Bd. of Regents of Se. Mo. State Univ.*, No. 1:09 CV 35 RWS, 2009 WL 2170176, at *1 (E.D. Mo. July 20, 2009) (emphasis added) (quoting

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "In the first instance, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under rule 12(b)(6)." *Osborn*, 918 F.2d at 729. Under a factual attack, however, "no presumptive truthfulness attaches to the plaintiff's allegations," and the non-moving party does not have the benefit of Rule 12(b)(6) safeguards. *Id.* at 730. Considering evidence beyond the complaint does not convert a Rule 12(b)(1) motion to a Rule 56 motion for summary judgment. *Id.* at 729.

      **B.**      **12(b)(6) motion to dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677–78.

### III. Discussion

#### A. Standing

Hartford Financial asserts that Plaintiffs have no standing to sue it because Plaintiffs did not purchase their insurance policies from Hartford Financial. Rather Plaintiffs bought the insurance policies from three Hartford Financial subsidiaries—Sentinel Insurance Company, Ltd., Twin City Fire Insurance Company, and Hartford Casualty Insurance Company. Thus, not a party to a contract with any Plaintiff, Hartford Financial argues Plaintiffs have no standing to bring contract claims based on the denial of insurance coverage against Hartford Financial because no injury can be fairly traced to back to Hartford Financial.

The question of standing is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 880 (8th Cir. 2015). Whether a plaintiff has standing to sue is the threshold question in every federal case. *McClain v. Am. Econ. Ins. Co.*, 424 F.3d 728, 731 (8th Cir. 2005). To satisfy Article III of the U.S. Constitution, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly

traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A plaintiff must assert its own legal rights and interests and cannot assert the legal rights or interests of third parties. *Glickert*, 792 F.3d at 881.

In asserting its attack on the Court's subject matter jurisdiction, Hartford Financial asks the Court to find that Hartford Financial could not have caused Plaintiffs' injuries because it was not a party to the insurance policies. Hartford Financial thus asks the Court to evaluate the merits of Plaintiffs' breach of contract claim when assessing subject matter jurisdiction, which it must refrain from doing. The Eighth Circuit has stressed that "[i]t is crucial . . . not to conflate Article III's requirement of injury in fact with a plaintiff's potential causes of action, for the concepts are not coextensive." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 909 (8th Cir. 2016) (quoting *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954 (8th Cir. 2011)) (alterations in original). In a nearly identical case, a court found that the plaintiffs lacked standing against Hartford Fire Insurance Company, but questioned "why courts dismiss contract-based claims against defendants that are not parties to the contract under Rule 12(b)(1) instead of Rule 12(b)(6)" even though "when there is substantial overlap between the standing inquiry and the merits inquiry, courts should generally proceed to the merits." *Founder Inst. Inc. v. Hartford Fire Ins*. Co., No. 20-CV-04466-VC, 2020 WL 6268539 (N.D. Cal. Oct. 22, 2020).

Here, Plaintiffs allege they had a contract with Hartford Financial and suffered harm when Hartford Financial denied coverage. Cognizant of the Eighth Circuit's warning, the Court finds Plaintiffs have sufficiently alleged standing and deems it more appropriate to proceed to the merits to evaluate the alleged breach of contract claim.

5

## IV. Failure to state a claim

Hartford Financial argues that Plaintiffs assert only contract-based claims and therefore must show that they contracted with Hartford Financial to state a claim. Consistent with its standing arguments, Hartford Financial maintains it did not contract with Plaintiffs because Sentinel, Twin City, and Hartford Fire Insurance issued the policies and the references to "The Hartford" in the policies do not refer to Hartford Financial.

To state a breach of contract claim in Missouri, Plaintiffs must allege: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *Smith Flooring, Inc. v. Pennsylvania Lumbermens Mut. Ins. Co.*, 713 F.3d 933, 941 (8th Cir. 2013) (quoting *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010)). Additionally, only parties to a contract may be held liable. *21 W., Inc. v. Meadowgreen Trails, Inc.*, 913 S.W.2d 858, 882 (Mo. Ct. App. 1995) ("It is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract." (quoting *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. 1991))). Thus, the Court must assess whether Plaintiffs' well-pleaded factual allegations plausibly show that Hartford Financial contracted with Plaintiffs. In evaluating a 12(b)(6) claim, courts may consider materials attached to the Complaint. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). With the insurance policies attached the Complaint, the Court considers their "language . . . when reviewing the sufficiency of the complaint." *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010); Doc. 17-2; Doc. 17-3; Doc. 17-4; Doc. 17-5. The Court also considers the other exhibits documenting certain Plaintiffs' correspondence regarding their claims for coverage. Doc. 17-6; Doc. 17-7; Doc. 17-8; Doc. 17-9; Doc. 17-10.

Plaintiffs allege that they purchased insurance policies from Hartford Financial, doing business as "The Hartford." Doc. 17 at 1, ¶¶ 15, 17, 19, 21. Recognizing the policies do not reference Hartford Financial, Plaintiffs contend that the references to "The Hartford" in the policies refer to Hartford Financial, i.e. each time the policies state "The Hartford," it denotes Hartford Financial as a party to the contract.

The plain language of the policies contradicts this assertion. First, as stated above, the policies never reference "Hartford Financial Services Group," "Hartford Financial," or "HFSG." Second, the policies explicitly state the party to the contract. For example, Plaintiff Levy's policy states, "[t]his insurance is provided by the stock insurance company of The Hartford Insurance Group shown below," listing "Hartford Casualty Insurance Company" as the insurer. 17-1 at 16; *see also* Doc. 17-2 at 15, Doc. 17-3 at 17, Doc. 17-4 at 12, Doc. 17-5 at 16. Third, while the policies never directly define "The Hartford," they include language suggesting that it refers to the entity that issued the policy. For instance, Plaintiff Levy's policy states, "[y]ou are receiving this Notice because you purchased a business owner's policy from The Hartford, (your Policy was issued by The Hartford writing company identified on your policy Declarations page)." Doc. 17-1 at 4. In sum, the policies offer nothing that would allow the Court to reasonably infer that Hartford Financial was a party to the contract.

Furthermore, the other exhibits show that Plaintiffs' communications with "The Hartford" each occurred with individuals acting on behalf of the writing company that issued their policies. Plaintiff Levy received e-mail correspondence from James Turner and Jackie Beamish. Doc. 17 at ¶¶ 96, 98; Doc. 17-7; Doc. 17-9. In her e-mail addressing Levy's claim, Beamish states "[b]efore Hartford Casualty Insurance Company ("Hartford") can determine . . . ." Additionally, below Turner and Beamish's signature blocks reads "Writing Company: Hartford Casualty Insurance

7

Company." Doc. 17-7 at 3; Doc. 17-9 at 3. Charles Weimer's letter responding to Plaintiff Keller's claim similarly states "Writing Company Name: Sentinel Insurance Company, Ltd." below the signature block. Doc. 17 at ¶ 105; Doc. 17-10 at 3.

In sum, the attached exhibits offer nothing that would allow the Court to reasonably infer that "The Hartford" refers to Hartford Financial or that Hartford Financial was a party to the contract. That leaves the Court with nothing more than Plaintiffs' conclusory assertion that they contracted with Hartford Financial doing business as "The Hartford." Accordingly, the Court finds that Plaintiffs failed to plausibly allege sufficient factual matter for the Court to reasonably conclude that a contract existed between Hartford Financial and Plaintiffs. The Court's conclusion that Plaintiffs failed to show Hartford Financial was a party to the contract aligns with other decisions involving the same or similar insurance policies. *See Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., Inc.*, No. 20-CV-04434 JSC, 2020 WL 5642483 (N.D. Cal. Sept. 22, 2020) ("Plaintiffs have failed to show that HFSG is a party to the Policy."); *Founder Inst. Inc. v. Hartford Fire Ins. Co.*, No. 20-CV-04466-VC, 2020 WL 6268539 (N.D. Cal. Oct. 22, 2020) (stating that it would have dismissed under Rule 12(b)(6) because Hartford Fire Insurance Company is "not a party to the contract and has no obligation under the contract"); *LV Diagnostics, LLC v. Hartford Fin. Servs. Grp., Inc.*, No. 217CV 1371JCMPAL, 2018 WL 651327, at *2 (D. Nev. Jan. 31, 2018) ("Further, as defendant is not plaintiff's insurer and is not in privity with plaintiff, dismissal of plaintiff's claims against defendant is appropriate."); *Winkler v. Hartford Fin. Servs. Grp., Inc.*, No. 2:10-CV-02222-RLH, 2011 WL 1705559, at *2 (D. Nev. May 3, 2011) (explaining that "[a] perfunctory review of the insurance policy demonstrates . . . clearly" that the "the policy issuer was actually Property & Casualty Insurance Company of Hartford").

Unable to show that Hartford Financial was a party to the contract, Plaintiffs cannot state a claim for breach of contract. Plaintiffs also fail to state a claim for breach of the implied covenant of good faith and fair dealing because Plaintiffs cite no authority for the proposition that a claim for the breach of the implied covenant of good faith and fair dealing lies against a non-party to the contract. *C.f. Countrywide Servs. Corp. v. SIA Ins. Co.*, 235 F.3d 390, 393 (8th Cir. 2000) (explaining that under Missouri law, "[i]t is the duty of one party to a contract to cooperate with the other to enable performance and achievement of the expected benefits"). Accordingly, the Court dismisses the breach of contract and breach of the implied covenant of good faith and fair dealing claims against Hartford Financial.

Having found that Plaintiffs fail to state a claim, the Court need not address Hartford Financial's 12(b)(2) motion to dismiss. The Court therefore denies Plaintiffs' request to allow jurisdictional discovery on whether Hartford Financial is the alter ego of the other Defendants. Doc. 33 at 14. Lastly, the Court also declines to reach Plaintiffs' request for declaratory judgment because Plaintiffs failed to state a claim against Hartford Financial.

Accordingly, the Court grants [21] Hartford Financial's Motion to Dismiss and dismisses all claims against Defendant Hartford Financial without prejudice. The Court denies Plaintiffs' request for leave to amend without prejudice. Of course, the Court would consider a timely motion seeking leave to amend with an accompanying proposed amended complaint.

The Court further sets a Case Management Conference for Friday, November 20, 2020 at 2:00 p.m. CT.  The parties will receive an email with a link to join the Zoom conference.

Dated this 10th day of November 2020.

                                                  **STEPHEN R. CLARK**
                                                  **UNITED STATES DISTRICT JUDGE**