# Exhibit B

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

HILL AND STOUT PLLC, a Washington company,

Plaintiff,

v.

MUTUAL OF ENUMCLAW INSURANCE COMPANY, a Washington insurance company,

Defendant.

No. 20-2-07925-1 SEA

**ORDER DENYING DEFENDANT MUTUAL OF ENUMCLAW'S MOTION TO DISMISS**

This matter came before the Court on Defendant's Motion to Dismiss, and the Court having considered the pleadings submitted by the parties in support and in opposition of the motion including the following:

1. Plaintiffs' Amended Complaint;
2. Defendant's Motion to Dismiss
3. Declaration of Steven P. Caplow in support of Defendant's Motion;
4. Plaintiffs' Response in opposition
5. Declaration of Ian S. Birk in support of Plaintiff's Response;
6. Defendant's Reply; and

And having heard the oral argument of the parties, makes the following Findings:

### **Undisputed Facts:**

- Plaintiff Hill and Stout PLLC ("HS") is a dental practice with offices in Oak Harbor and Anacortes, Washington.

- Mutual of Enumclaw Insurance Company ("MOE") issued a Business Owner's policy ("Policy") policy to the Plaintiff covering the Plaintiff's property and business for calendar years 2019 and 2020. The Policy covered the equipment and supplies used in the business.
- On March 19, 2020, due to the COVD-19 pandemic and shortage of the Personal Protective Equipment ("PPE"), Governor Inslee issued Proclamation 20-24 which prohibited medical professionals including dentists from performing non-emergency routine procedures that required the use of the PPE.
- No COVID-19 virus has been detected on HS's business premises.

HS brought the current law suit against MOE for declaratory judgment and for breach of contract; claiming HS incurred losses and expenses resulting from the interruption of its business due to the Governor's Proclamation and that such losses and expenses are covered by the Policy issued by MOE and further alleging that MOE's denial of coverage for loss of business income and related expenses was breach of the insurance contract by MOE.

MOE argues that HS has failed to allege "direct physical loss" which are the required elements for coverage under the Policy. MOE then argues that the Complaint only alleges "indirect" rather than "direct" loss and therefore must be dismissed under CR 12(b)(6).

**Legal Standard**

Dismissal pursuant to CR 12(b)(6) motion is appropriate only when it appears beyond doubt that the claimant can prove no set of facts, consistent with the complaint, which would justify recovery. See *Hipple v. McFadden*, 161 Wn. App 550, 556, 255 P.3d 730 (2011). In reviewing a CR 12(b)(6) motion, the Court presumes all factual allegations in the complaint to be true and also considers any hypothetical facts, consistent with the complaint, proffered by the Plaintiff. *Gorman v. Garlock, Inc.* 155 Wn.2d 198, 214, 118 P.3d 311 (2005).

Furthermore, where a case involves a dispute regarding the coverage provisions of an insurance policy, the insured bears the burden of showing that coverage exists, and the insurer bears the burden of showing that an exception applies. *Mut. of Enumclaw Ins. Co. v. T & G Const., Inc.*, 165 Wash. 2d 255, 268, 199 P.3d 376, 383 (2008).

ORDER - 2

**MOE's motion to dismiss for failure to state a claim under CR 12(b)(6):**

MOE brought the current motion for dismissal against HS for failure to state a claim for "direct physical loss of or damage to" the covered property.

In its motion MOE argues that the core coverage issue under the Policy is the requirement for the Plaintiff to show that the loss of income is related to "direct physical loss of or damage to" the covered property. MOE argues that the Additional Coverage provision in the Policy refers to Covered Cause of Loss (which requires a showing of "direct physical loss of or damage to") and applies during a period that the covered property is being repaired, rebuilt, or replaced.

MOE further argues that the Plaintiff has failed to state a claim for Civil Authority provision of the Policy.

In response, HS argues that the terms of the Policy are to be given a liberal interpretation and that the insurance policies are to be construed in favor of the insureds. HS argues that the terms "direct physical loss of" or "damage to" the covered property are ambiguous and that HS suffered a direct physical loss of the covered property when the dental office and dental equipment could not be used for their intended use of dentistry services. HS further argues that pursuant to the wide spread of COVID-19 and the Governors' orders, there is a triable issue as to their access to the property by reason of property damage occurring at locations other than their business.

**Legal Analysis**:

Washington courts examine the terms of an insurance contract to determine whether under the plain meaning of the contract there is coverage. *Boeing Co. v. Aetna Cas. & Sur. Co.,* 113 Wash.2d 869, 876, 784 P.2d 507 (1990). [1]

In interpreting the insurance policies, the Court considers the Policy as a whole and applies a fair, sensible and reasonable meaning to its construction. *Capelouto v. Valley Forge Ins. Co.,* 98 Wash.App. 7, 13, 990 P.2d 414 (1999).

---

[1] See also *Nautilus Grp., Inc. v. Allianz Glob. Risks US,* No. C11-5281BHS, 2012 WL 760940, at *4 (W.D. Wash. Mar. 8, 2012)

ORDER - 3

Washington Supreme Court has held that a policy provision is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable and that where a clause is ambiguous, a meaning and construction most favorable to the insured must be applied. *Washington Restaurant Corp. v. General Ins. Co. of America,* 64 Wash.2d 150, 390 P.2d 970 (1964); *American Star Ins. Co. v. Grice,* 121 Wash.2d 869, 874, 854 P.2d 622 (1993), supplemented by 123 Wash.2d 131, 865 P.2d 507 (1994); and *Morgan v. Prudential Ins. Co. of America,* 86 Wash.2d 432, 435, 545 P.2d 1193 (1976).

The Coverage paragraph in MOE's Policy provides: *"We will pay for direct physical loss of or damage to Covered Property ..."*. The Policy does not define "direct physical loss". Similarly, the Policy does not define the terms "loss of" or "damage to" but both terms are included in the Policy language. The Policy language uses "or" to separates the "direct physical loss of" and "damage to" providing for an *alternative* means of coverage. The Court therefore has to consider these terms as alternative means for coverage.

When the terms are undefined, the courts are required to use their *"plain, ordinary, and popular"* meaning and may refer to dictionaries for undefined words. *Boeing Co. v. Aetna Cas. & Sur. Co.,* 113 Wn.2d 869, 877, 784 P.2d 507 (1990).

The Court first considers the term "loss". The dictionary definition for "loss" includes "destruction", "ruin", "deprivation"[2] . In applying the ordinary meaning of "deprivation", the Court finds that the Plaintiff's position that the dental practice had a "direct physical deprivation" of its property when they were unable to see patients and practice dentistry is a reasonable interpretation by the average lay person.

The Court finds that MOE in its motion applies identical meaning to the terms "loss of" and "damage to" and in this way argues that the coverage does not apply because the Plaintiff has not shown any physical damage such as damage to a property caused by fire.

While there is no factual allegation of physical alteration of the property, MOE's narrow reading of the Policy is silent as to the Policy's language providing "physical loss of" as an alternative basis for coverage. Clearly the language in the Policy intended to provide alternative means for coverage, otherwise the Policy would use one or the other term and not both as

---

[2] www.merriam-webster.com

ORDER - 4

alternative means. If "physical loss of" was interpreted to mean "damage to" then one or the other would be surplusage. The Court has to give meaning to the whole language and to every word in a policy[3] and cannot ignore the alternative means of coverage provided in the Policy. The fact that both terms were included in the coverage provision shows that the drafters of the Policy meant the term "physical loss of" to mean something other than "damage to".

MOE's argument that gives the same exact meaning to both terms contradicts and ignores the clear intent of the Policy. Such narrow reading is not supported by the appellate decisions in Washington.

The Court therefore finds that the phrase "physical loss of" is ambiguous because it is fairly susceptible to two reasonable interpretations and dismissal under CR 12(b)(6) is not appropriate.

Applying the legal standard to MOE's motion for dismissal on other noted grounds, the Court further finds that dismissal on all other grounds is not appropriate pursuant to CR 12(b)(6). MOE has not shown that under the specific facts in this case, beyond doubt, HS can prove no set of facts, consistent with the complaint, which would justify recovery.

It is hereby ORDERED that that:

Defendant's Motion to Dismiss Plaintiff's claims is DENIED.

    IT IS SO ORDERED.

    ENTERED this 12th day of November, 2020.

Susan Amini
SUPERIOR COURT JUDGE

---

[3] *Boeing*, *supra* at 898.

ORDER - 5

King County Superior Court
Judicial Electronic Signature Page

Case Number: 20-2-07925-1
Case Title: HIT &apm; STOUT VS MUTUAL OF ENUMCLAW INS CO

Document Title: ORDER

Signed by: Susan Amini
Date: 11/13/2020 9:00:00 AM

Judge/Commissioner/ProTem: Susan Amini

This document is signed in accordance with the provisions in GR 30.
Certificate Hash: 159415225D6BB8EE7A492D186C59A47D27019585
Certificate effective date: 7/16/2018 2:40:04 PM
Certificate expiry date: 7/16/2023 2:40:04 PM
Certificate Issued by: C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA, O=KCDJA, CN="Susan Amini: nrHJ/QrS5hGYRNT2AFk6yQ=="

Page 6 of 6