# Exhibit C

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

DOCKETED
OCT 26 2020
R. POSTELL
COMMERCE PROGRAM

| | | |
|---|---|---|
| TAPS & BOURBON ON TERRACE, LLC | : | JULY TERM, 2020 |
| *Plaintiff* | : | |
| | : | NO. 00375 |
| v. | : | |
| | : | COMMERCE PROGRAM |
| UNDERWRITERS AT LLOYDS LONDON | : | |
| and MAIN LINE INSURANCE OFFICES, | : | CONTROL NO. 20093025 |
| INC. | : | |
| *Defendants* | : | |
| | : | |

## ORDER

AND NOW, this 26th day of October, 2020, upon consideration of defendant Certain Underwriters at Lloyd's, London's, improperly identified as "Those Certain Underwriters at Lloyd's London" preliminary objections to plaintiff's complaint, and any response thereto, it is hereby

**ORDERED**

that the preliminary objections are **OVERRULED**.[1]



Taps & Bourbon On Terra-ORDER

2007003750035

---

[1] Pursuant to Pa. R.C.P. 1028(a)(4), a party may raise a preliminary objection due to legal insufficiency of a pleading (demurrer). When considering preliminary objections, all material facts and reasonable inferences set forth must be admitted as true. Haun v. Cmty. Health Sys. Inc., 14 A.3d 120, 123 (Pa. Super. 2011) (citation omitted). A court may not consider facts that are not contained within the challenged pleading. See Detweiler v. School Dist. Of Borough of Hatfield, et al., 104 A.2d 110, 113 (Pa. 1954).

This litigation arises from the denial of insurance coverage for business losses as a result of the COVID-19 pandemic and the resulting state and local orders mandating that all non-essential businesses be temporarily closed. In the instant preliminary objections, defendant alleges that plaintiff's claim is not covered under the policy because, *inter alia*, there is no "direct physical loss" or "damage to" the property, the civil authority coverage provision does not apply, and the virus exclusion provision precludes coverage. Additionally, defendant alleges that since the claim is not covered, a bad faith claim cannot survive.

At this very early stage, it would be premature for this court resolve the factual determinations put forth by defendant to dismiss plaintiff's claims. Taking the factual allegations made the plaintiff's complaint as true, as this court must at this time, plaintiff has successfully

BY THE COURT:

/s/ Glazer, J.
_____
GLAZER, J.

---

pled to survive this stage of the proceedings. Moreover, the law and facts are rapidly evolving in the area of COVID-19 related business losses. Accordingly, the preliminary objections are overruled.