# Exhibit I

CAJUN CONTI LLC ET AL
versus
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ET AL

Date Case Filed: 3/16/2020

## NOTICE OF SIGNING OF JUDGMENT

TO:

James M Williams Esq     26141
1 Galleria Blvd., Suite 1100
Metairie, LA 70001

Allen C Miller Esq     26423
Ste 2000 Canal Place
365 Canal St
New Orleans, LA 70130-6534

Jennifer Perez Esq     38370
3500 N. Hullen Street
Metairie, LA 70002

Virginia Y Dodd Esq     25275
P. O. Box 4412
Baton Rouge, LA 70802-5707

Kevin W Welsh Esq     35380
400 Convention St Ste 1100
Baton Rouge, LA 70802

Bernard L Charbonnet Esq     04050
One Canal Place
365 Canal Street Suite 1155
New Orleans, LA 70130

Desiree M Charbonnet Esq     24051
365 Canal Street
1100
New Orleans, LA 70130

In accordance with Article 1913 C.C.P., you are hereby notified that Judgment in the above entitled and numbered cause was signed on November 4, 2020

New Orleans, Louisiana
November 4, 2020

MINUTE CLERK

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 2020-02558          DIVISION M          SECTION 13

### CAJUN CONTI LLC, CAJUN CUISINE 1 LLC, AND CAJUN CUISINE LLC D/B/A OCEANA GRILL

### VERSUS

### CERTAIN UNDERWRITERS AT LLOYD'S LONDON

FILED: _____     _____
                              **DEPUTY CLERK**

## JUDGMENT

The original hearing took place on October 29, 2020. Appearing at the hearing for the respective parties were the following:

> **James Williams, Rico Alvendia, Bernard Charbonnet, Desiree Charbonnet, and Jennifer Perez,** Attorneys for Plaintiffs;
> **Allen Miller, Virginia Dodd, and Kevin Welsh**, Attorneys for Defendant

Certain Underwriters at Lloyd's London ("Underwriters") urged a motion for summary judgment.

The Court, after hearing testimony and considering applicable law as well as the entire record, renders the following judgment:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Underwriters' motion for summary judgment is hereby DENIED.

**JUDGMENT READ, RENDERED AND SIGNED** on this *4th* day of *November, 2020* in New Orleans, Louisiana.

_____
**Judge Paulette R. Irons**

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 2020-02558   DIVISION M   SECTION 13

### CAJUN CONTI LLC, CAJUN CUISINE 1 LLC, AND CAJUN CUISINE LLC D/B/A OCEANA GRILL

### VERSUS

### CERTAIN UNDERWRITERS AT LLOYD'S LONDON

FILED: _____   _____
                              **DEPUTY CLERK**

## REASONS FOR JUDGMENT

Whether COVID constitutes direct physical loss or damage appears to be an issue of first impression. While Underwriters distinguishes the *Chinese Drywall* case by noting that the policy interest being protected in that case necessitated a more lenient definition of "direct physical loss," the Court is not convinced that similar interests are not at play here. It is a genuine issue of material fact whether the policy interests here necessitate a more liberal reading of "direct physical loss or damage" in keeping with the *Chinese Drywall* cases.

It is also a genuine issue of material fact whether the suspension of Oceana Grill's operations was caused by physical loss or damage to its property. If COVID constitutes a physical loss or damage, it is clear that the question of how COVID impacts the environment is a genuine issue of material fact. While Underwriters argues that the harms can be abated with simple household cleaning supplies, Oceana Grill's citation to studies that offer a contrary interpretation presents a genuine issue of material fact.

With respect to the period of restoration, if whether COVID constitutes a physical loss or damage is a genuine issue of material fact and if the question of how COVID impacts the environment is a genuine issue of material fact, then here is a

genuine issue of material fact as to whether the physical loss or damage caused a suspension of Oceana Grill's operation beginning 72 hours after the time of direct physical loss.

Turning to the Civil Authority Endorsement, for the same reasons stated above, there is a genuine issue of material fact that a "Covered Cause of Loss" caused damage to property at another location within one mile of the insured premises. The question of whether COVID is a Covered Cause of Loss is a genuine issue of material fact, and Plaintiffs have alleged its presence at locations surrounding its insured premises, including a hospital.

Whether the Orders prohibited access to the insured premises is also a genuine issue of material fact. The restaurant had to drastically change its operations to exclude sit-down patrons, which was previously the heart of its business, because the Orders restricted their presence in the building.

Finally, there is a genuine issue of material fact whether the orders were taken in response to dangerous physical conditions resulting from the damage to other property within one mile of the insured premises or continuation of the Covered Cause of Loss that caused the damage. The Orders cited damage to property in the city and state.

SIGNED on this *4th* day of *November, 2020* in New Orleans, Louisiana.

*signature*

**Judge Paulette R. Irons**