# Exhibit G

DATE: 01/28/2021  TIME: 02:00:00 PM  DEPT: CX102
JUDICIAL OFFICER PRESIDING: Peter Wilson
CLERK: Virginia Harting
REPORTER/ERM: Lisa Suzanne Rouly CSR# 9524
BAILIFF/COURT ATTENDANT: Raquel Wangsness

CASE NO: **30-2020-01169032-CU-IC-CXC**  CASE INIT.DATE: 11/06/2020
CASE TITLE: **Goodwill Industries of Orange County, California vs. Philadelphia Indemnity Insurance Company**
CASE CATEGORY: Civil - Unlimited  CASE TYPE: Insurance Coverage

---

EVENT ID/DOCUMENT ID: 73432648
**EVENT TYPE:** Demurrer to Complaint
MOVING PARTY: Philadelphia Indemnity Insurance Company
CAUSAL DOCUMENT/DATE FILED: Demurrer to Complaint, 12/23/2020

---

EVENT ID/DOCUMENT ID: 73450761
**EVENT TYPE:** Status Conference

---

## APPEARANCES

Appearances noted by way of CourtCall Appearance Calendar, attached hereto and incorporated herein by reference.

Defendant Philadelphia Indemnity Insurance Company's ("Philadelphia") general demurrer to the First, Third and Fifth Causes of Action

Tentative Ruling posted on the Internet.

The Court hears oral argument and confirms the tentative ruling as follows:

Defendant Philadelphia Indemnity Insurance Company's ("Philadelphia") general demurrer to the First, Third and Fifth Causes of Action is OVERRULED. Defendant is ordered to file its answer within 10 days.

A general demurrer challenges the legal sufficiency of a complaint on the ground that it fails to state facts sufficient to constitute a cause of action. (Code Civ. Proc. § 430.10(e).) The allegations in the complaint as a whole must be reviewed to determine whether a set of alleged facts constitutes a cause of action. (*People v. Superior Court (Cahuenga's the Spot)* (2015) 234 Cal.App.4th 1360, 1376.) A complaint need only meet fact-pleading requirements, which requires a statement of facts constituting a cause of action in ordinary and concise language, and should allege ultimate facts that, as a whole, apprise defendant of the factual basis of the claim. (Code Civ. Proc. §425.10(a)(1); *Navarrete v. Meyer* (2015) 237 Cal.App.4th 1276, 1284.)

CASE TITLE: Goodwill Industries of Orange County, California vs. Philadelphia Indemnity Insurance Compan

CASE NO: **30-2020-01169032-CU-IC-CXC**

In ruling on a demurrer, the court is guided by the following long-settled rules: The court treats the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. The court may also consider matters which may be judicially noticed. Further, the court gives the complaint a reasonable interpretation, reading it as a whole and its parts in their context. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

In a demurrer based on insurance policy language, the insurer "must establish conclusively that this language unambiguously negates beyond reasonable controversy the construction alleged in the body of the complaint." (*Columbia Casualty Co. v. Northwestern Nat. Ins. Co.* (1991) 231 Cal.App.3d 457, 468–473, 282 Cal.Rptr. 389.) To meet this burden, an insurer is required to demonstrate that the policy language supporting its position is so clear that parol evidence would be inadmissible to refute it. (*Id.* at p. 469, 282 Cal.Rptr. 389.) Absent this showing, the court must overrule the demurrer and permit the parties to litigate the issue in a context that permits the development and presentation of a factual record, e.g., summary judgment or trial." (*Palacin v. Allstate Ins. Co.* (2004) 119 Cal. App. 4th 855, 862.)

Philadelphia demurrers to the 1st, 3rd and 5th causes of action on the ground that Plaintiff has not alleged sufficient facts to show "direct physical loss" under the Business Income and Extra Expenses and Civil Authority provisions in its insurance policy because coronavirus and COVID-19 do not physically alter the structure. In response Plaintiff contends (a) that "direct physical loss" does not require physical tangible alteration of the property and that allegations of loss of use are sufficient, and (b) that if physical tangible alteration is required, Plaintiff has satisfied this requirement.

Whether Plaintiff has alleged sufficient facts to overcome Philadelphia's demurrer depends on the interpretation of "direct physical loss". The interpretation of an insurance policy is a question of law and applies the well-settled rules of contract interpretation. (*Waller v. Truck Ins. Exch.* (1995) 11 Cal. 4th 1, 18; *Vardanyan v. AMCO Ins. Co.* (2015) 243 Cal. App. 4th 779, 792.)

"The mutual intention of the parties as it existed at the time of contracting governs interpretation. (Civ. Code, § 1636.) " 'Such intent is to be inferred, if possible, solely from the written provisions of the contract. [Citation.] The "clear and explicit" meaning of these provisions, interpreted in their "ordinary and popular sense," unless "used by the parties in a technical sense or a special meaning is given to them by usage" [citation], controls judicial interpretation.' " (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 18, 44 Cal.Rptr.2d 370, 900 P.2d 619.) " 'Any ambiguous terms are resolved in the insureds' favor, consistent with the insureds' reasonable expectations.' " (*Safeco Ins. Co. v. Robert S.* (2001) 26 Cal.4th 758, 763, 110 Cal.Rptr.2d 844, 28 P.3d 889.) Policy exclusions are strictly construed; exceptions to exclusions are broadly construed in favor of the insured. (*E.M.M.I.*, at p. 471, 9 Cal.Rptr.3d 701, 84 P.3d 385.)

(*Vardanyan v. AMCO Ins. Co., supra,* 243 Cal. App. 4th at 792.)

In *MRI Healthcare Center of Glendale v. State Farm General Ins. Co.* (2010) 187 Cal.App.4th 766 ("*MRI Healthcare*"), on cross-motions for summary judgment, the court considered whether plaintiff insured suffered "direct physical loss" to an MRI (magnetic resonance imaging) machine within the meaning of a business insurance policy. (*Id.* at 769–770, 777–778.) The *MRI Healthcare* court stated: "A direct physical loss 'contemplates **an actual change in insured property** then in a satisfactory state, occasioned by accident or other fortuitous event directly upon the property causing it to become unsatisfactory for future use or requiring that repairs be made to make it so.' [Citation.] ... **For loss to be covered, there must be a 'distinct, demonstrable, physical alteration' of the property.**" (*Id.* at 779, emphasis added.) The *MRI Healthcare* court further explained: "For there to be a 'loss' within the meaning of the policy, some **external force** must have acted upon the insured property to cause a **physical change in the condition of the property**, i.e., it must have been 'damaged' within the common understanding of that term." (*Id.* at 780, emphasis added.) Thus, the MRI machine did not suffer any "actual physical 'damage' " by virtue of the fact that it was turned off and could not be turned back

on. (*Ibid.*)

Neither party has cited to any California state cases that have resolved the question whether coronavirus or COVID-19 may cause "direct physical loss" to property.

Here, the Complaint expressly alleges the coronavirus and COVID-19 caused direct physical loss and damages to its property. The Complaint makes the following specific factual allegations: coronavirus and COVID-19 are contained in respiratory droplets called aerosols that stay on surfaces and in the air for up to a month, physically alters the air and surfaces to which it attaches and causes them to be unsafe, deadly and dangerous (Complaint, at ¶¶2, 20, 22-26); that "[r]ecognizing the ability of the coronavirus to attach onto surfaces," researchers have begun to develop technology to test for the presence of COVID-19 on the surfaces of buildings (Complaint, at ¶21); and that coronavirus and COVID-19 were present at its properties at the time of the State and County closure orders, that when Plaintiff reopened its properties, its employees tested positive, and that it was required to conduct "additional cleaning and sanitization to respond to and remove the coronavirus and COVID-19 from physical surfaces in its insured premises and properties in accordance with public health orders that require such measures to protect against the coronavirus and COVID-19 (Complaint, at ¶¶42-44).

Construing these allegations as true as the Court must on a demurrer, the Court cannot determine as a matter of law that these allegations do not show a "direct physical loss" in accordance with *MRI Healthcare*. (See *Studio 417, Inc. v. Cincinnati Insurance Company* (W.E. Mo. August 12, 2020, Case No. 20-cv-03127-SRB) ___ F. Supp.3d ___, 2020 WL 4692385, 4-5 [plaintiff adequately plead a claim for "direct physical loss" by alleging COVID-19 is a physical substance that lives on surfaces and in the air making its property unsafe and unusable and resulting in direct physical loss].)

The Court recognizes that California federal cases have interpreted *MRI Healthcare* to require a physical change in the property or permanent dispossession of the property to qualify as "direct physical loss" and have generally rejected arguments that business losses due to coronavirus and Covid-19 are covered under Business Income, Extra Expenses and Civil Authority provisions. See Amended Mem. Supp., at pp. 12 -14. However, these federal California cases are not binding on this Court and were decided under a different standard. While these cases are instructive, the allegations in those cases are largely distinguishable from those alleged here. (See e.g, *10E, LLC v. Travelers Indemnity Co. of Connecticut* (C.D. Cal. September 2, 2020, Case No. 2:20-cv-04418-SVW-AS) ___ F.Supp.2d ___, 2020 WL 5359653, 1, 5 [no allegations of physical alteration]; *Mudpie, Inc. v. Travelers Casualty Ins. Co. of America* (N.D. Cal. September 14, 2020) 2020 WL 5525171, *1, 4-5 [no allegations of any external physical force that induced detrimental change; *West Coast Hotel Management, LLC v. Berkshire Hathaway Guard Insurance Companies* (C.D. Cal. October 27, 2020, Case No. 2:20-cv-05663-VAP-DFMx) ___ F. Supp.3d ___, 2020 WL 6440037 *4-5 [no allegations of physical transformation or requiring that anything needed to be repaired, rebuilt or replaced]; *Pappy's Barber Shops, Inc. v. Farmers Group, Inc.* (S.D. Cal. September 11, 2020, Case No. 20-cv-907-CAB-BLM) 2020 WL 5500221, *1,5 [no factual allegations to support arguments of physical damages].)

More importantly, given the high standard that must be met to prevail on a demurrer on an insurance policy, any doubts must be resolved in favor of the Plaintiff. The Court is not satisfied that there is a sufficiently full record at this demurrer stage to make the determination as a matter of law that the coronavirus and COVID-19 have not, in some manner, caused physical damage to property.

Accordingly, the demurrer is overruled.

The Court overrules Plaintiff's objections to Exhibits B -G and grants Philadelphia's request for judicial notice.

Status Conference

Status Conference continued to April 2, 2021 at 9 AM in this department pursuant to Court's motion.

The parties are ordered to file a joint status report not later than March 26, 2021.

Moving Party is ordered to give notice.

# CourtCall® Appearance Calendar

**January 2021**

**28** Thursday

*CX102Video* **Judge Peter Wilson (Video Only)**

**Orange County Superior Court-Santa Ana**

| 02:00 PM PT | Dial: (855) 268-7844 | Code: 8191402# | PIN: 0135149 |
|---|---|---|---|
| **Time** | **Case Information** | **Attorney Information** | |

| Time | Case Information | Attorney Information |
|---|---|---|
| | **Case #:** 04-2020-01169032<br>**Case Name:**<br>Goodwill Industries of Orange County Cali. vs. Philadelphia Indemnity Insurance Co.<br>**Proceeding Type:**<br>Court Approved Video Hearing | Firm: Dentons US, LLP<br>Phone: (213) 623-9300 ext.<br>Contact: Ronald D. Kent<br>For: Defendant(s), Philadelphia Indemnity Insurance Co<br>CCID: 11061256 |
| | | Firm: Dentons US, LLP<br>Phone: (312) 876-3156 ext.<br>Contact: April Elkovitch<br>For: Defendant(s), Philadelphia Indemnity Insurance Co.<br>CCID: 11062184 |
| | | Firm: Dentons US, LLP<br>Phone: (312) 876-3156 ext.<br>Contact: Jeffrey Zachman<br>For: Defendant(s), Philadelphia Indemnity Insurance Co.<br>CCID: 11051155 |
| | | Firm: Dentons US, LLP<br>Phone: (312) 876-3156 ext.<br>Contact: John Kirby<br>For: Defendant(s), Philadelphia Indemnity Insurance Co.<br>CCID: 11062176 |
| | | Firm: Denton US, LLP - St. Louis<br>Phone: (314) 259-5807 ext.<br>Contact: Richard Fenton<br>For: Defendant(s), Philadelphia Indemnity Insurance Co.<br>CCID: 11051154 |
| | | Firm: Dentons US, LLP<br>Phone: (949) 732-3700 ext.<br>Contact: Justin Martin<br>For: Defendant(s), Philadelphia Indemnity Insurance Co.<br>CCID: 11051153 |

Crystal Castillo ext. 867

**January 2021**  
**28** Thursday

Same Day   Jan 28 2021 12:22PM

*CX102*  **Judge Peter Wilson (VC)**  
**Orange County Superior Court-Santa Ana**

**02:00 PM PT**

| Time | Case Information | Attorney Information |
|---|---|---|

**Case #:** 04-2020-01169032  
**Case Name:** Goodwill Industries of Orange County Cali. vs. Philadelphia Indemnity Insurance Co.  
**Proceeding Type:** Status Conference

| | |
|---|---|
| Firm: | Robins Kaplan LLP |
| Phone: | (310) 229-5405 ext. |
| Contact: | Sean R. O'Connor |
| For: | Defendant(s), Certain Underwriters at Lloyd's |
| CCID: | 11013053 |

| | |
|---|---|
| Firm: | Robins Kaplan LLP |
| Phone: | (310) 552-0130 ext. 5881 |
| Contact: | Amy Churan |
| For: | Defendant(s), Def. Certain Underwriters at Lloyd's |
| CCID: | 11012869 |

| | |
|---|---|
| Firm: | Covington & Burling LLP |
| Phone: | (415) 591-6016 ext. |
| Contact: | Joan Li |
| For: | Plaintiff(s), Goodwill Industries of Orange County, California |
| CCID: | 11039047 |

| | |
|---|---|
| Firm: | Cheri Violette-Makino, CSR, Inc. |
| Phone: | (562) 225-3431 ext. |
| Contact: | Cheri Violette-Makino - 3584 |
| For: | Court Reporter, Cheri Violette-Makino |
| CCID: | 11037955 |

| | |
|---|---|
| Firm: | Covington & Burling LLP |
| Phone: | (650) 632-4727 ext. |
| Contact: | Rani Gupta |
| For: | Plaintiff(s), Goodwill Industries of Orange County Ca. |
| CCID: | 11037941 |

| | |
|---|---|
| Firm: | Unrouly Reporting Inc. |
| Phone: | (714) 319-1139 ext. |
| Contact: | Lisa Rouly |
| For: | Court Reporter, Lisa Rouly |
| CCID: | 11072109 |